HERBERT L. ANDERSON, *et al.*, *Appellants*, v. CHARLES C. HARRISON, *Appellee*.

## Opinion Filed May 12, 1917.

1. Under Equity Rule 52 the chancellor may in sustaining a demurrer permit an amendment to be made to the bill of complaint without a formal motion by the complainant; and the matter of costs may be adjusted then or subsequently upon appropriate application.

2. Where the purpose of a foreclosure suit is to require the mortgagor to pay the debt and other persons are made parties to protect their interest in the mortgaged property, a demurrer to the bill of complaint by such other persons is properly overruled.

3. Where a party directs immaterial documents to be copied into the transcript on appeal, the costs thereof will be taxed against such party.

Appeal from Circuit Court for Duval County; Daniel A. Simmons, Judge.

Orders affirmed.

*Charles A. Powers* and *Herbert L. Anderson*, for Appellants;

*W. M. Bostwick, Jr.*, for Appellee.

WHITFIELD, J.—Charles C. Harrison brought fore-
closure proceedings alleging in effect that P. A. Holt was
indebted to complainant in the sum of $12,000.00, as evi-
denced by promissory notes; that to secure the payment
of such notes the said Holt executed to complainant a
mortgage upon described real estate; that in such mort-
gage it was covenanted and agreed that in case of default
in the payment of any installment óf principal or in the
payment of interest thereon when the same should be-
come due, that it would be optional with the said mort-
gagee to treat the whole of said principal and interest as
due and to proceed to collect the same by foreclosure or
otherwise, in which event or either of them the said mort-
gagor thereby covenanted and agreed that he would pay
all costs, charges and expenses in and about the collection
of said money by suit or otherwise, including reasonable
attorney's fees, and that the same were thereby secured;
"that on June 5, 1914, one of said notes became due and
payable and the same was not paid when due, is still un-
paid and no part thereof has been paid, therefore com-
plainant, exercising his aforesaid option to treat the whole
of said principal and interest as due, hereby declares that
the amount of principal now unpaid, is $11,500.00, and
that the same is now due, together with interest thereon
as provided in said mortgage; that in said mortgage said
P. A. Holt covenanted and agreed that he would pay all
taxes and lawful assessments, which he has failed to do;
that defendant P. A. Holt having married since the exe-
cution of said mortgage, his wife is joined as a party de-
fendant, but any interest she may have in the property is
inferior to and subject to complainant's lien; that defend-
ants Herbert L. Anderson and his wife are herein joined
as parties defendant, for that this complainant is in-
formed and upon such information alleges the truth to be,

that said defendants claim some interest, right, title or estate in and to the said mortgaged premises herein sought to be foreclosed, but complainant is not advised as to what right, title, interest or estate said defendants claim, but alleges that any right, title, interest or estate of said defendants in and to said premises is inferior to and subject to complainant's lien thereon by reason and virtue of said mortgage." "Further that the said defendant, Herbert L. Anderson, joined in the making of all said notes secured by said mortgage."

The prayer is that P. A. Holt and H. L. Anderson be decreed to pay the amount due complainant and in default for an enforcement of the mortgage lien. A demurrer of H. L. Anderson and his wife to the bill of complaint was sustained, with leave to complainant to amend his bill, the defendants demurring to further plead within 20 days of the service upon counsel of record of a copy of such amendment.

An amended bill of complaint which was filed and copies thereof accepted by the parties differs from the original bill and, among other things, alleges that Pleasant A. Holt and Herbert L. Anderson were indebted to complainant in the amount stated; that said mortgage contained a stipulation that "Provided always that this indenture is on the express condition that if the said first party (meaning thereby the said Pleasant A. Holt), 'shall pay or cause to be paid the said sums of money as specified in said promissory notes, and the interest thereon according to the tenor and effect of said promissory notes, and do perform all the covenants and agreements herein made to be kept by said first party,' (meaning thereby the said Pleasant A. Holt), 'then in such event the estate hereby granted shall cease and determine; otherwise to remain in full force and effect." Other allegations con-

tained in the amended bill need not be stated on this appeal.

It is prayed that P. A. Holt be decreed to pay the amount due and in default for a sale of the property, and that Holt and wife and Anderson and wife, "and all persons claiming by, through or under them, or any of them, or in or to the said mortgaged premises and every part thereof be forever barred and foreclosed of and from any and all right, title, interest, estate and equity of, in or to said mortgaged premises and every part thereof."

A demurrer interposed by H. L. Anderson and wife to the amended bill was overruled, and a motion by Anderson and wife to strike the amended bill of complaint was denied. H. L. Anderson and wife appealed from the interlocutory orders allowing the bill of complaint to be amended, overruling the demurrer to the amended bill and denying the motion to strike the bill of complaint.

Equity Rule 52 provides that "If, upon the·hearing, any demurrer or plea shall be allowed, the defendant shall be entitled to his costs. But the court may in its discretion, upon motion of the plaintiff, allow him to amend his bill upon such terms as it shall deem reasonable." Under this rule the Chancellor may in sustaining a demurrer permit an amendment to be made to the bill of complaint without a formal motion by the complainant; and the matter of costs may be adjusted then or subsequently upon appropriate application. The amendment to the bill of complaint in this cause apparently does not violate any rule or order in the cause and the motion to strike was properly denied. As the purpose of the bill is to require payment of the debt by Holt, and not by Anderson, and as Anderson and wife are made parties to protect their interest in the property sought to be subjected to the payment of the debt under the mortgage lien, the

demurrer to the bill of complaint was properly overruled. Immaterial documents ordered copied into the transcript will be taxed against the party ordering them to be copied.

Orders affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.