ROSEMARY CORPORATION, *Appellant,* v. GUY H. PARKER, *Appellee.*

Division B.

Opinion filed May 2, 1929.

*W. Ross Burton,* for Appellant;

No appearance for Appellee.

BUFORD, J.—This cause having heretofore been submitted to the Court upon the transcript of the record of the decree herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is error in the said decree insofar as it allows a solicitor's fee of $264.66 for services in the instant suit and the fur-

ther sum of $1250.00 for the service of a solicitor in defending a condemnation proceeding involving the property described in the mortgage being foreclosed.

There is no allegation in the bill of complaint that would constitute a proper basis for the introduction of evidence to prove the existence of the right to collect attorney's fees in this suit, either incident to the foreclosure of the mortgage or incident to the condemnation proceedings referred to in the bill of complaint. See Brett v. First National Bank of Marianna and Brooks v. Roberts, decided at this term.

It is contended that the rights of the parties were adjudicated in the condemnation proceedings. There appears to be some reasonable ground for that contention, but, inasmuch as it appears that the condemnation proceedings did not involve all of the lands embraced in the mortgage and the chancellor has construed the judgment and verdict in that proceeding as pertaining only to that part of the security which was involved in the condemnation proceedings and has found by the final decree that there was due the complainant on his mortgage at the time of the foreclosure the sum of $349.78 secured by a lien on that part of the lands embraced in the mortgage and not involved in the condemnation proceedings, together with interest thereon in the sum of $47.01, and, as there was substantial evidence before the chancellor to sustain this finding, it will not be disturbed.

The decree will be reversed insofar as the same allows attorney's fees, either for foreclosing the mortgage or for the services of the attorney for the complainant in this suit rendered in the condemnation suit, for the reasons hereinbefore stated. The decree will be affirmed in other respects.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.