BELLE C. PEPPERCORN and her husband, F. A. PEPPERCORN, *Appellants*, vs. NANCY E. BENCINI, *Appellee*.

Division A.

Opinion filed May 5, 1931

*Whitfield, Wright & Whitfield,* for Appellants;
*Dickinson & Dickinson,* for Appellee.

BUFORD, C.J.—This was a suit to foreclose a mortgage. The bill of complaint did not contain any allegation upon which a valid order requiring the payment of attorney's fees could be based.

The decree contained a provision requiring the payment of $3,491.21 as attorney's fees. Because of the reason above stated this was error. Brett vs. First National Bank of Marianna, 97 Fla. 284, 120 Sou. 554; Brooks vs. Roberts, 97 Fla. 374, 120 Sou. 765; Rosemary Corporation vs. Parker, 97 Fla. 691, 121 Sou. 903.

The decree was filed December 21st, 1928. On September 20th, 1928, the defendants filed in court in Cashiers Checks, drafts etc. the sum of $35,287.88, which was tendered in payment of principal in the sum of $32,500.00, interest in the sum of $1755.00, court costs to that date $23.88, abstract fee $9.00 and attorney's fees in the sum of $1,000.00. On the same date defendants filed a motion to dismiss the bill upon the ground that they had tendered in the court all sums due the complainant and demanded by the bill of complaint.

448

On the 29th day of September, 1928, defendants filed what is termed a plea to the amended bill of complaint in the following language:

"These defendants for a plea to the bill of complaint and the amendment to the bill of complaint as filed in this cause aver that since the filing of the bill and amended bill of complaint in this cause by the complainant Nancy E. Bencini, that these defendants, to-wit, upon the 20th day of September, 1928, paid to the clerk of this honorable court the sum of $35,287.88 as and for a tender in full satisfaction of the mortgage indebtedness described in the bill and amended bill of complaint, together with the interest thereon, and all costs of suit, including a reasonable solicitor's fee; $32,-500.00 of the amount so paid to the clerk of this honorable court as a tender being a tender to satisfy the mortgage indebtedness, less accrued interest thereon; $1,-755.00 of the amount so paid and tendered to the clerk of this honorable court being as a tender in payment of interest due and accrued on account of the indebtedness described in the bill and amended bill of complaint that had accrued down to the date that the tender was made, as aforesaid; $23.88 of the amount so paid and tendered being as a tender in payment of all court costs that had been made in said cause down to the date that the tender was made; $9.00 of the amount tendered being as a tender in payment of abstract fee mentioned in the bill of complaint as an item that the complainant was entitled to recover from the defendants; $1,-000.00 of the amount tendered to the clerk of this honorable court being a tender as and for reasonable attorney's fee, as provided in the notes and mortgage described in the bill and amended bill of complaint filed in this cause.

These defendants further aver that the sum of $1,-000.00 tendered to the clerk of this honorable court

as and for a reasonable attorney's fee is a reasonable attorney's fee.

These defendants further aver that the clerk of this honorable court is holding said funds as a tender for the use and purposes hereinabove set forth and that by reason of the tender that the indebtedness mentioned in the notes and mortgage described in the original, and amended bill of complaint has been fully satisfied.

All of which matters and things these defendants aver to be true and plead same in bar of the whole of said bill and amended bill of complaint, and these defendants pray the judgment of this honorable court whether they ought to be compelled to make any further or other answer to said bill and amended bill of complaint as is hereby pleaded, and they pray to be dismissed with their costs.''

On the 16th day of October, 1928, the complainant filed a motion to strike from the files the two papers filed by the defendants, one termed a motion to dismiss and the other a plea, upon the following grounds:

I. ''There is no proper showing of any tender of the indebtedness involved in said action, together with the costs, expenses and attorney's fees, as provided by the Mortgage and notes therein involved.

II. The taking of testimony on the matter sought to be brought before the court in said papers involve the court in trying a moot question.

III. The instruments filed, nor any other instruments, on which this cause is set down before this court to take testimony with reference to attorney's fees, under said alleged tender mentioned in said instruments, do not show any tender of the indebtedness, interest, costs and attorney's fees involved in this cause, in accordance with the law and rules of practice.

IV. The instruments filed and hereby sought to be stricken show on their face that there has not been an

unconditional tender of the amounts of money mentioned in the said papers.

V. What is tendered in said paper writing is not legal tender in accordance with the law.

VI. The Clerk cannot be made the agent of the complainant in this manner of proceeding to accept or reject a tender to the complainant of the indebtedness, interest, costs, expenses and attorney's fees.

VII. On the question of taking testimony for determining what is a reasonable attorney's fee, there is nothing legally before the court upon which to base a proceeding for any such determination, as there is not shown of record any proper or legal tender of the debt, interest, costs, expenses and solicitor's fees in this cause as required by law.''

On the 18th day of October, 1928, the Court made an order granting the motion to strike. There was then a motion to disqualify the Judge which motion need not be discussed here.

On the 22nd day of October, 1928, there was filed an answer to the bill of complaint. There was a motion to strike certain parts of the answer which was granted.

On the 17th day of October, 1928, defendants filed a motion praying the court to direct the clerk to disburse the funds deposited with the clerk to be applied to the payment of the obligation in the following manner: $32,500.00 for principal, $1950.00 for interest to date, to pay the costs, to pay $1,000.00 attorney's fees. The motion was denied. Then on the same day the defendants moved the court for an order, ''in this cause directing the clerk to hold the funds previously tendered to the clerk of the court and this day brought into open court in the above entitled cause by the clerk thereof, and by the solicitors for the defendants tendered to solicitors for the

complainant in satisfaction of debt, interest and costs, and a reasonable attorney's fee, until this court makes a final order disbursing said funds now in court to parties legally entitled thereto, and such other order in the premises as may seem appropriate to your honor in the premises.'' The motion was granted and the funds ordered held in the hands of the clerk until further order of the court. The further order of the court in this regard occurred in the final decree filed December 21st, 1928.

It appears from the record that sufficient funds were tendered to the plaintiff in open court on October 17, 1928, to fully pay principal, interest and costs to that date. Under the allegations of the bill of complaint the complainants were not entitled to recover attorney's fees. Nevertheless, a sufficient sum was then tendered in addition to principal, interest and costs to pay $1,000.00 attorney's fees.

The motion made by the defendants on October 17th to require the clerk to disburse the funds then in his hands should have been granted and the case dismissed. No costs are chargeable after that date against the defendants.

For the reasons stated, the decree should be reversed with directions that the chancellor enter a decree against the defendants for the amount of principal, interest and costs due and accrued on October 17, 1928, together with the additional sum of $1,000.00 for attorney's fees which should be granted because the evidence shows that attorneys were employed to bring suit and the answer of the defendant admits that $1,000.00 is a reasonable fee and there is no basis in the pleadings for any other amount to be allowed as attorneys' fee.

452

It is so ordered.

Reversed and remanded.

ELLIS, TERRELL AND BROWN, J.J., concur.

WHITFIELD, J., concurs in the reversal.

DAVIS, J., (dissenting):

The defendants themselves made an issue of what was a reasonable attorney's fee to be allowed complainant's solicitors when they filed their motion to dismiss suit September 20, 1928. This takes the case out of the rule that a bill of complaint must show and proof must sustain an allowance for a reasonable attorney's fee. In equity an issue can be made as well by a defendant's pleading as by a complainant's and on the whole record developed the court renders its decree. I think the court's allowance of attorney's fees independent of the tender should be affirmed even though a remittitur may be required of what this court might think is excessive as being beyond what the court should have allowed in view of the tender made.