JAMES WEATHERSBEE and CALL WEATHERSBEE, *Appellants,*
v. GUS J. DEKLE, *Appellee.*

136 So. 708.

Division B.

Opinion filed September 30, 1931.

W. P. *Chavous,* of Perry, for Appellants;

*Mack H. Padgett* and *J. L. Blackwell,* of Perry, for Appellee.

PER CURIAM.—On March 25, 1930, the appellee filed his bill of complaint seeking an accounting with reference to certain moneys alleged to have been given by him to his co-partners, who are the appellants. The bill sets up the formation of a partnership between appellants and appellee to acquire certain lands, the same to be paid for by all the partners, but title to be taken in the name of the custodians of the partnership funds, who are the appellants.

The bill shows the payment of certain funds by the appellee to the appellants which are alleged not to have been accounted for in accordance with the terms of the agreement under which said funds were paid over to them.

On June 2, 1930, the appellants filed a demurrer to the bill which was not sworn to. For this reason, and on June 5, 1930, on motion of the complainant in the court below the Circuit Judge entered a decree pro confesso against the appellants, ignoring their purported demurrer. Thereupon the matter proceeded ex parte, and on August 18, 1930, after the taking of testimony, final decree was entered in favor of the appellee against the appellants. On October 7, 1930, appellants filed their petition to set aside and vacate the decree pro confesso and the final decree. No answr was tendered with this petition and the same was denied on October 26, 1930, presumably for this reason if no other.

Notwithstanding the fact that a decree pro confesso was entered, the case has been considered here in the light of appellants' attack on the sufficiency of the bill to state a cause of action in equity for the reasons attempted to be asserted by the demurrer which was not considered by the court below. This has been done in accordance with the well established practice in this Court to the effect that a defendant in a suit in equity has the right to attack the sufficiency of the bill of complaint to state a case against him even after a decree pro confesso has been properly entered. Kiel v. West, 21 Fla. 508; Lybass v. Fort Myers, 56 Fla. 817; 47 So. 346.

It is clear, we think, from the material facts alleged in the bill of complaint that the transactions therein set forth created between the parties to it a trust relationship which entitled the complainant in the bill to an accounting with reference to the moneys alleged to have been paid over to the defendants pursuant to the purpose for which the relationship was created. The general demurrer which was attempted to be interposed to the bill was therefore not well taken

and could not have been sustained under the principles announced by this Court in Craft, v. Craft, 74 Fla. 262, 76 So. 772. The bill having been found to contain equity, a final decree; after decree pro confesso, was not unauthorized.

The setting aside of a decree pro confesso rests in the sound discretion of the court, to be exercised according to the circumstances of each case. A decree pro confesso should never be set aside when it has been entered in consequence of defendants' own negligence. Turner v. Jones, 67 Fla. 121, 64 So. 502. It is also the rule that before a decree pro confesso which has been properly entered should be set aside on motion of defendants they must show not only reasonable diligence, but also a meritorious defense. Strickland v. Jewell, 80 Fla. 221, 85 So. 670, and cases cited.

Tested by the foregoing rules applicable to the situation shown by the record in this case, we cannot hold the chancellor in error for refusing to set aside the decree pro confesso because no meritorious defense to the bill of complaint was shown, even if it be conceded that the defendants themselves were free from negligence in not swearing to the demurrer which appears to have been prepared by counsel and sent to the defendants to be sworn to in ample time prior to the date it was due to be filed.

The evidence taken at the hearing is sufficient to support the decree rendered, which should be affirmed with the exception of the allowance therein made of the sum of $20.00 decreed to be paid to the official assistant court reporter for reporting the proceedings and testimony in the cause and transcribing and furnishing the same to the court. No statutory or other provision has been cited in support of an allowance of this kind to be decreed as a part of the costs chargeable against the defendants in an equity cause where the defendants have not expressly or impliedly agreed that an order be made that such services of an assistant court

reporter be employed in taking and transcribing the testimony in the cause.

It is therefore ordered that the decree of the court below be affirmed, with the exception of the sum of $20.00 allowed to the assistant court reporter. As to the latter item the decree is reversed.

Affirmed in part and reversed in part.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.