W. H. TUNNICLIFFE, as Receiver of the American Bank & Trust Company, a banking corporation of Daytona Beach, Florida, et al., *Appellants,* vs. VOLUSIA COUNTY BOND & MORTGAGE COMPANY, a corporation organized and existing under the laws of the State of Florida, *Appellee.*
137 So. 885.
Division B.
Opinion filed November 30, 1931.

*Parkinson, Frederick & Riegle,* of Daytona Beach, and *Hull, Landis & Whitehair,* of DeLand, for Appellants;

*Sholtz, Green & West,* of Daytona Beach, for Appellees.

DAVIS, J.—Final decree of foreclosure was entered by the chancellor in a proceeding in which the appellant here was joined as a party because he was the holder of a second mortgage on the lands involved. There is no contest as to priorities, and the grounds of error urged as a basis for reversing the decree appealed from are purely formal and technical.

No showing is made that the alleged errors complained of were harmful to appellant's rights as a second mortgagee, nor does it appear that appellant would redeem from the decree in favor of the first mortgage holder, if all the several items of indebtedness included in the amount of the decree were corrected to what appellant says they should have been when the decree was entered. See Anderson v. Harrison, 73 Fla. 1044, 75 Sou. Rep. 534.

A decree of foreclosure rendered after a full hearing on the merits, which does not clearly appear to be erroneous, should not be reversed on appeal for merely technical, formal and unimportant irregularities in the proceedings which may be disregarded on the principle of harmless error, or which may be deemed to have been waived by failure to object in due season, nor should such decree of foreclosure be reversed at the instance of a second mortgagee for alleged errors in the amounts of indebtedness decreed against the original mortgagor, where it does not appear that said second mortgagee would have redeemed from the admittedly correct portion of the first mortgage debt included in the decree, if the alleged excessive items were eliminated, the error complained of merely in the *amount* of the decree against the original mortgagor being harmless against the second mortgagee who expresses no desire to redeem from, or pay the decree, to the extent it was lawful to render it in favor of the first mortgagee. Small v. Colonial Investment Co., 92 Fla. 503, 109 Sou. Rep. 433; Fagg Mill Work & Lumber Co. v. Greer, 102 Fla. 955, 136 So. Rep. 679.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.