W. A. RHEA and GEORGE KLAUDER and W. A. RHEA, individually, *Appellants,* v. GEORGE V. DEVAULT, *Appellee.*

146 So. 643.
Opinion filed March 7, 1933.

*E. Hood Wilkerson,* for Appellants;

*Duncan, Hamlin & Duncan,* for Appellee.

DAVIS, C. J.—This is an appeal from a final decree in a foreclosure suit. The bill of complaint was filed under the

1931 Chancery Act. The decree was for the complainant. Defendants have appealed.

This Court has recently had occasion to pass upon the sufficiency of a bill of complaint for foreclosure of mortgage, filed under the 1931 Chancery Act (Chapter 14658, Acts of 1931). The bill in the present case conforms to the requirements of a good foreclosure bill under the new Act which materially shortens and simplifies the requirements for such bills in many particulars. See Home Building & Loan Co. v. Rivers, opinion filed January 12, 1933, not yet reported.

We find, however, that the provisions of the final decree allowing attorney's fees must be reversed, and the cause remanded with directions to eliminate such fees, unless the Chancellor shall permit the bill to be so amended as to disclose a liability therefor.

The bill in the instant case makes the notes and mortgage sued on a part of the foreclosure bill. That was sufficient as an allegation that the notes and mortgage contained a provision under which attorney's fees could have been recovered. But in order to have an amount adjudged due for attorney's fees and included in the final decree, it must also be alleged and proved that in accordance with the notes or mortage sued on, complainant has incurred a liability under the mortgage for such fees, for which he may have a decree against the defendant in the particular case. Brett v. First National Bank, 97 Fla. 284, 120 Sou. Rep. 554; Rosemary Corporation v. Parker, 97 Fla. 691, 121 Sou. Rep. 903.

Nothing in the 1931 Chancery Act authorizes the recovery of attorney's fees in a mortgage foreclosure case unless the bill shows that a liability for such fees has been incurred by complainant. It is not sufficient to merely attach to, and

make a part of a bill, the notes or mortgage showing that it contains a provision for attorney's fees, without alleging in addition thereto, that liability for attorney's fees has arisen under the mortgage covenants, or under the notes secured by the mortgage.

It has been held sufficient to plead the mortgage and notes by merely alleging their due execution and then making them by reference a part of the bill of foreclosure.

But particular breaches of any special covenants and conditions contained in the mortgage, must be assigned and specified in the bill, if such breeches are to be relied on for special relief, such as the recovery of an attorney's fee by way of indemnity from defendant to complainant, for the latter's solicitor's services in conducting the foreclosure suit. Vieno v. Fields, 101 Fla. 191, 133 Sou. Rep. 891.

Other points have been argued at length, but they may be disposed of by a reference to the decision of this Court in Tunnicliffe v. Volusia County Bond & Mtge. Co., 103 Fla. 750, 137 Sou. Rep. 885, where this Court said:

"A decree of foreclosure rendered after a full hearing on the merits, which does not clearly appear to be erroneous, should not be reversed on appeal for merely technical, formal, and unimportant irregularities in the proceedings which may be disregarded on the principle of harmless error, or which may be deemed to have been waived by failure to object in due season."

The decree appealed from should be affirmed in all particulars except as to the attorneys' fees allowed, which should be eliminated therefrom, unless the court below shall upon remand of the cause, reopen the pleadings, permit an amendment of the bill, and have such further proceedings

as will make a decree for attorney's fees conform to this opinion.

Affirmed in part. Reversed in part.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J, concur.