GIUSEPPE BONGIOVANNI v. ANGELA V. SPOTO, *et al.*

149 So. 10.

Division A.

Opinion Filed June 21, 1933.

*Sempreviva & D'Arpa,* for Appellant;

*Harry N. Sandler,* for Appellee.

DAVIS, C. J.—This was a mortgage foreclosure case in which the mortgagor appeals from the final decree, assigning as the principal error to be argued, the refusal of the Chancellor to open up a decree *pro confesso* entered after personal service and failure to file answer or other defensive pleading subsequent to entry of appearance.

While the motion to open up the decree *pro confesso* presented matters upon which the Court, in the exercise of its discretion, may have been warranted in letting in an answer, yet the propositions of fact relied upon as the basis for such motion were sharply controverted, and this Court cannot say on this appeal that the discretion of the Chancellor was abused in denying what defendant below prayed.

The setting aside of a decree *pro confesso* rests in the sound discretion of the court to be exercised according to the circumstances of each case. Weathersbee v. Dekle, 102 Fla. 1057, 136 Sou. Rep. 708. It cannot be said in this case that reversible error was committed by the Chancellor, who evidently followed the rule laid down in the case just cited, when he denied defendant's motion to open up the decree *pro confesso* after final decree had been entered and the property was being advertised for sale.

Other matters argued by appellant have been considered, but no reversible error has been made to appear as to any of them within the purview of the rule stated by us as to grounds for reversal of foreclosure decrees. See Tunnicliffe v. Volusia County Bond & Mtge. Co., 103 Fla. 750, 137 Sou. Rep. 885.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.