RUTH MIKESELL v. MERLE ELMER MIKESELL.

188 So. 100.
Opinion Filed April 4, 1939.
Rehearing Denied May 4, 1939.

*Roland W. Granat,* for Appellant;
*Robert J. Davis,* for Appellee.

BUFORD, J.—The defendant in the court below, appellant here, when served with notice of pendency of suit, caused to be filed in the record her verified petition for an order requiring complainant to pay reasonable fees for her solicitor and showing that she was totally unable to present her defense without the Court granting such order. *Inter alia,* she alleged:

"And the Petitioner would further show unto the Court that she has been notified by a copy of an Order of Publication in the above cause of the pendency of the same and that she is compelled to obtain the services of a solicitor to represent her therein; that she has no property or estate other than what she earns from week to week as stenographer with a salary of Fifteen ($15.00) Dollars per week, and from that she is supporting herself and her aged mother; that she is and has been ill for the past year and has been burdened with considerable medical expense and doctor bills; that she is unable to earn sufficient to support herself and pay her obligations and other expenses; and that she is unable to pay for the services of a solicitor to represent her in the above cause.

"And Your Petitioner would further show unto the Court that in the Common Pleas Court of the County of Westmoreland, State of Pennsylvania, that the above complainant filed his petition for a divorce on the 18th day of June, 1938, and that a short time later an allowance for support was given the defendant against the complainant, but that the complainant left the jurisdiction of the Court of Common Pleas of Westmoreland County when the Order of Support was given and when he was given notice that the defendant was going to contest his divorce proceedings; that the complainant never complied with the said Order of Support of the Court in any way.

"And Your Petitioner would further show unto the Court

that she has a good and sufficient defense to this cause of action, but that it is necessary for her to obtain an Order of the Court requiring complainant to pay for the services of a solicitor in her behalf and to set up and plead such defense properly.

"Your Petitioner would further show unto the Court that the complainant has adequate means to pay counsel fees, expenses, and alimony for that, he has been employed as the manager of a chain store for several years, receiving a substantial salary and a bonus each year, and the Petitioner believes that at the present time he is on leave of absence from the above mentioned position until he attempts to get a divorce from the Court of Florida.

"Wherefore, Your Petitioner respectfully moves the Court to grant her an allowance for counsel fees, and upon the filing of her answer, where.n she will set up and be able to prove a good defense, that the Court make Your Petitioner an allowance for temporary alimony and other expenses."

This Petition presented to the Court justiciable matters to be determined, viz.: (1) whether or not the allegations of the petition were true; (2) whether or not defendant was entitled to have an order of Court requiring complainant to pay counsel fees for defendant, that she might be enabled to present her defense to the Court; (3) whether or not complainant was able to pay such fees. Under this condition it might have been error for the Court to have ignored the petition and to have entered decree *pro confesso,* because this would have in effect been a denial of the petition and the defendant would have had the right to appeal from such order.

Mr. McCarthy, in Florida Chancery Act, Annotated, 111, says:

"The Clerk should not make an order taking the bill as

confessed, where such action involves the exercise of any degree of judicial discretion. In Lukens Gulf Cypress Co. v. Cochran, 65 Fla. 305, 61 So. 630, an order *pro confesso* was entered by the clerk, apparently upon the ground that a second plea was improperly filed after an order over-ruling a previous plea and fixing the time to answer. The Supreme Court said: 'Undoubtedly, the Clerk had no authority to enter it, with a plea on file to the bill, even though such plea might not have been proper to be filed under the order of the Court. That was a judicial matter to be determined by the Circuit Judge.' "

So it is, the decree should be reversed with directions to vacate the decree *pro confesso* and to vacate the final decree, to fix time for filing answer and to consider petition for attorneys' fees.

So ordered.

CHAPMAN and WHITFIELD, J. J., concur.

BROWN, J., concurs specially.

TERRELL, C. J., and THOMAS, J., dissent.

BROWN, J. (concurring specially).—While there may not have been any technical error committed by the Clerk in entering the decree *pro confesso*, it seems to me that, upon the important and very material facts alleged in the motion to vacate the decree *pro confesso*, the chancellor erred in denying it. Furthermore, it is quite possible that the petition filed by the defendant below might well be considered as a motion for stay of further proceedings until the court should make an allowance of attorneys' fees so that the defendant could file her answer and properly present her defense. As Mr. Justice BUFORD has pointed out this petition certainly presented justiciable questions, and while I do not dissent from the legal propositions set forth in the opinion of Mr. Justice THOMAS, I think, on the facts al-

leged in the motion to vacate decree *pro confesso,* the Court should have granted it. °

THOMAS, J. (dissenting).—The question we must answer to dispose of this controversy is simple, *id est,* did the chancellor abuse his discretion in refusing to set aside a final decree based on a decree *pro confesso* entered by the clerk while a petition for counsel fees was pending?

On the return, day given in the order of publication, defendant below filed her appearance and also a petition asking for an allowance of counsel fees. She further prayed for temporary alimony and expenses whenever she should file her answer. Six days before the defendant was required to answer, complainant amended the bill of complaint and mailed a copy to defendant's solicitor. A decree *pro confesso* was entered July 5th and on July 13th the matter was referred to a master for the purpose of taking testimony and reporting the same to the court with his findings. Two weeks later a final decree was entered by the court, and on August 14th the court denied the motion of the defendant to set aside the decree *pro confesso* and the final decree.

The defendant, who became the appellant here, has assigned as error the action of the clerk in entering the decree *pro confesso,* and the various orders of the court referring the matter to the master, allowing the cause to proceed *ex parte* and the taking of depositions, denying the motion to set aside the final decree and the decree *pro confesso,* and the final decree granting a divorce to the complainant.

It is urged by the appellant that the clerk of the court was wholly without authority in entering the decree *pro confesso* on the rule day in July when there was on record in the cause a petition for counsel fees and a motion to strike it, upon which no ruling had been made by the chancellor.

Reference is made to Section 36 of the 1931 Chancery Act, Chapter 14658, Laws of 1931, when it is provided that when a bill is amended after answer or motion filed, the defendant shall plead to the amended bill within ten days or within such time as the court may fix, otherwise the original answer or motion shall be considered as pleaded to the amended bill.

I think this position is wholly erroneous. Obviously this was not the intent of the Legislature, and the true meaning of the above cited section can be learned only from studying it in its entirety together with the other related sections in the Act.

In this section it is further provided that the time for pleading by the defendant shall not be enlarged where the amended bill is filed prior to answer or motion, except upon order of the court. By this section it is sought to expedite the pleading in chancery matters and allow the amendment of bills of complaint without the necessity of a new answer unless the defendant shall present it within ten days after he receives a copy of the amended bill. This interpretation is further strengthened by Section 24 of the same Act, which prohibits the stay of the cause even by a motion to strike a part of the pleadings or for better particulars, unless so ordered by the court.

The motion described in Section 36 is one directed to the bill of complaint, and in this category could not be included an application, as was made in this case, for counsel fees, as the same did not in any wise pertain to the merits of the controversy or the sufficiency of the bill.

The record does not show that any effort was made on the part of the appellant to secure a stay from the court, to file an answer or a motion to dismiss or to call up for disposition the petition which was lodged with the clerk four weeks before the decree *pro confesso*.

My opinion is that the clerk had full authority to enter the order that the matter proposed *ex parte,* and this action on his part was confirmed by the chancellor when he appointed the special master.

It has been repeatedly held by this court that the setting aside of a decree *pro confesso* rests within the sound discretion of the chancellor, and the same will not be set aside unless an abuse of that discretion is shown. See Gossett v. Ullendorff, 114 Fla. 159, 154 South. Rep. 177; Weathersbee v. Dekle, 102 Fla. 1057, 136 South. Rep. 708; Bongiovanni v. Spoto, 111 Fla. 144, 149 South. Rep. 10.

For these reasons, I am unable to concur in the opinion of a majority of the Court.

TERRELL, C. J., concurs.