279 So.2d 379 (1973)
U-M PUBLISHING, INC., a Florida Corporation (Formerly Known As Tampa Hills, Inc.), Appellant,
v.
HOME NEWS PUBLISHING CO., INC., a Florida Corporation, Appellee.
No. 72-857.
District Court of Appeal of Florida, Third District.
June 12, 1973.
Rehearing Denied July 11, 1973.
*380 Irving Mark Wolff, David D. Phillips, Miami, for appellant.
Anthony F. Barone, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
This is an appeal from a final judgment of foreclosure entered against appellant defendant in a suit to foreclose a third mortgage held by appellee plaintiff.
Plaintiff instituted this action to foreclose a mortgage on certain real property on June 11, 1971. On the first day of September, 1971, the court ordered the defendant to pay certain monies to plaintiff's attorney pursuant to an offer of defendant to do equity. In addition, defendant was ordered to answer the complaint within twenty days, subject to its pending motions to dismiss and strike. Defendant did not comply with the order of the court within the time prescribed, but instead filed a voluntary petition for relief under Chapter XI of the Bankruptcy Act, in the United States District Court for the Southern District of Florida, on October 4, 1971. At that time the referee in Bankruptcy issued his restraining order enjoining the state court proceeding. Shortly thereafter the record reflects a withdrawal and substitution of counsel for defendant.
On November 18, 1971, the restraining order was modified to allow the instant state proceedings to proceed up to and including final decree. Plaintiff, thereupon, moved for the entry of a default for defendant's failure to comply with the state court's order of September 1, 1971, giving defendant twenty days to answer and to make the payments therein noted. After hearing, the court, on January 26, 1972, gave the defendant five additional days to comply with the order of September 1, or to be adjudged in default. Again no answer or payment by the defendant was made within the period provided, but on February 7, 1972, the Bankruptcy court reinstated its restraining order. On June 6, 1972, the referee in Bankruptcy ordered the abandonment of the subject property and plaintiff filed a motion for entry of a final decree of foreclosure, without notice to defendant. No default judgment appears within the record but the trial judge entered his final decree of foreclosure taking note of a default decree in the record. The court ordered the sale of the property, by the clerk, pursuant to § 702.02, Fla. *381 Stat., F.S.A., a statutory section that had been repealed effective some six months prior to the final decree ordering the sale. Judicial sale was held by the clerk pursuant to Chapter 45, Fla. Stat., F.S.A, an alternative judicial sale provision. Notice of sale was duly published and the sale conducted, resulting in the highest and best bid being made by the plaintiff corporation, and subsequently assigned to the president of plaintiff's corporation. The record reflects the clerk's certificate of mailing of certificate of sale to the incorrect attorney[1] for defendant. Defendant's first notice of the final judgment of foreclosure and sale took place after the certificate of title was issued. This appeal ensued.
We have meticulously considered the record, briefs and arguments of counsel in this cause and have come to the inescapable conclusion that the errors appearing herein, when viewed in the totality of the circumstances of the case, require that the presumed default and the judicial sale be set aside.
Initially, we note the order of the trial court on January 26, 1972, giving defendant five days to pay monies to the plaintiff at a time when defendant's total assets were under the jurisdiction of the Bankruptcy court. Thus, defendant was ordered to do an impossible act.
We note the default judgment that is not in the record, even though referred to by the court at a later date. The attorneys for the parties cannot agree if the default judgment ever existed. As a result, this court cannot accurately state, on the record, that the entry of the default judgment took place at a time when the Bankruptcy court's restraining order allowed such an action.
The confused state of events continued when the clerk was ordered to sell the subject property pursuant to the dictates of a repealed statute, § 702.02, Fla. Stat., F.S.A. (repeal effective January 1, 1972  Laws 1971, c. 71-5, § 4). Thus, the clerk proceeded to sell the subject property under the provisions of Ch. 45, Fla. Stat., F.S.A. But that statute had also been amended,[2] effective January 1, 1972. The amendment provided that upon sale of the property by the clerk he "shall promptly file a certificate of sale and serve a copy of it on each party not in default ...". [Emphasis supplied.] For whatever reason involved, and we choose not to speculate on the matter, the clerk attempted to notify the defendant of the sale, but mistakenly sent the notice to the incorrect attorney and not defendant's attorney of record.[3] Thus, the clerk performed a not clearly necessary act incorrectly. This fact alone, while not determinative, may be considered within the totality of circumstances of the case. Subsaro v. Van Heusden, Fla.App. 1966, 191 So.2d 569.
It is established that a judicial sale may be set aside on the grounds of gross inadequacy of consideration, surprise, accident, mistake, or irregularity in the conduct of the sale. Moran-Aleen Co. v. Brown, 98 Fla. 203, 123 So. 561. However, even though a judicial sale will not be set aside due to "slight defects",[4] or for "merely technical, formal, and unimportant irregularities",[5] we must view the proceedings in their totality.
So viewed, the case sub judice is one in which the errors appearing of record have *382 accumulated to such an extent to result in the necessity for the reconsideration of the entire matter by the trial court. Accordingly, we reverse the final judgment, the sale held pursuant thereto, and the order confirming the sale. The cause is remanded to the trial court with directions to set aside the default entered against the appellant and to take such further proceeding in the cause as may be appropriate.
Reversed and remanded.
NOTES
[1] As noted earlier, a withdrawal and substitution of counsel for defendant appeared of record. However, the clerk inadvertently sent the notice of sale to defendant's first attorney of record rather than substituted counsel.
[2] Laws 1971, c. 71-5, §§ 1-3.
[3] See note 1, supra.
[4] Lashins v. Baumann, Fla.App. 1967, 201 So.2d 495.
[5] Rhea v. DeVault, 108 Fla. 591, 146 So. 643; Tunnicliffe v. Volusia County Bond & Mortgage Co., 103 Fla. 750, 137 So. 885.