# Third District Court of Appeal

## State of Florida

Opinion filed October 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-318 and 3D21-881
Lower Tribunal No. 19-16332
_____


**Arthur J. Morburger,**
Appellant,

vs.

**Yellow Funding Corp., et al.,**
Appellees.


Appeals from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Arthur J. Morburger, in proper person.

Michel O. Weisz, P.A., and Michel O. Weisz, for appellees.


Before EMAS, LINDSEY and LOBREE, JJ.

EMAS, J.

In this consolidated appeal, we review the final judgment of foreclosure against Arthur J. Morburger in favor of Yellow Funding Corp. ("Yellow Funding") and a postjudgment order overruling Morburger's objections to the foreclosure sale and directing the clerk of court to issue a certificate of title. We find no merit in the claims raised by Morburger and affirm both orders.

As to the final judgment, Morburger contends that the operative complaint should have been dismissed because Yellow Funding was administratively dissolved and was therefore not authorized to pursue the foreclosure action against him under section 607.1405, Fla. Stat. (2019). We reject this argument and reaffirm our alignment with the holding of our sister court in Hock v. Triad Guaranty Ins. Corp., 292 So. 3d 37, 39 (Fla. 2d DCA 2020), that the right to wind up under section 607.1405 "applies equally to corporations that are voluntarily dissolved and to corporations that are administratively dissolved." See New Life Rehab Med. Ctr. v. Mercury Ins. Co. of Fla., No. 3D21-112, 2021 WL 3745213 (Fla. 3d DCA Aug. 25, 2021) (concluding "we align ourselves with this body of decisional authority and hold that section 607.1622, Florida Statutes, 'does not preclude a corporation that has been administratively dissolved for failing to file an annual report from prosecuting or defending against an action in order to wind up its business affairs' ") (quoting Hock, 292 So. 3d at 41).

We also affirm the trial court's postjudgment order overruling Morburger's objections to the foreclosure sale and directing the clerk to issue the certificate of title. See § 45.031, Fla. Stat. (2020); Phoenix Holding, LLC v. Martinez, 27 So. 3d 791 (Fla. 3d DCA 2010) (reiterating: "Whether the complaining party has made the showing necessary to set aside a foreclosure sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion"); U-M Pub., Inc. v. Home News Pub. Co., 279 So. 2d 379, 381 (Fla. 3d DCA 1973); Can Financial, LLC v. Niklewicz, 307 So. 3d 33 (Fla. 4th DCA 2020). See also Venezia v. Wells Fargo Bank, N.A., 306 So. 3d 1096, 1097 (Fla. 3d DCA 2020) (affirming order denying motion to vacate foreclosure sale and overruling objection to sale where bid price was $100 but defendant failed to meet burden of establishing mistake, fraud, or irregularity in the conduct of the sale).

Affirmed.