HERBERT L. ANDERSON, AS TRUSTEE FOR ELIZABETH B. ANDERSON AND THE SILVER SPRINGS AND WESTERN RAILROAD COMPANY, *Appellant,* v. HENRY W. LONG, ED. L. WARTMAN, FRED S. LUCIUS, N. A. FORT AND JOHN L. EDWARDS, MEMBERS OF AND COMPOSING THE BOARD OF COUNTY COMMISSIONERS OF MARION COUNTY, FLORIDA, AS THE BOARD OF COUNTY COMMISSIONERS OF MARION COUNTY, FLORIDA, AND THE SEABOARD AIR LINE RAILWAY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF VIRGINIA, *Appellee.*

1. A clerk of the Circuit Court in making up a transcript of the record for the Supreme Court has no discretion to omit anything which is directed by either party to be inserted, if it is a paper or proceeding in the cause having relation or leading up to the order or decree appealed from, even though, in his judgment, such paper or proceeding is not necessary for a clear and full presentation of any point or question raised by the assignments of error.

2. A certificate of a clerk of a Circuit Court to a transcript of record for the Supreme Court, which shows on its face that certain papers, matters and proceedings in the cause directed by the parties to be included in the transcript are omitted, because, in his judgment, the same are not necessary for a clear and full presentation of any point or question raised by the assignment of errors relied upon in the appellate court, is fatally

defective, and the Supreme Court will not review the decree appealed from upon a transcript of record so certified.

3. A party appellant gave directions to the clerk for making up the transcript of the record, and served the appellee with a copy thereof, but the appellee gave no additional directions. The clerk omitted from the transcript certain papers and proceedings which appellant had directed to be inserted, certifying that he omitted them because they were not necessary to a clear and full presentation of any point or question raised by the assignment of errors relied upon in the appellate court. At the final hearing appellee contended that some of the omitted papers and proceedings were material to the questions presented by the assignments of error, and the court being unable to say affirmatively that such omitted papers and proceedings might not have a material bearing upon some of the assignments of error. *Held,* that the appeal should be dismissed.

This case was decided by Division B.

Appeal from Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*R. L. Anderson* for appellant.

*L. N. Green* and *Geo. P. Raney* for appellees.

CARTER, P. J.—A final decree in equity was rendered by the Circuit Court of Marion county on August 26th, 1903, which granted relief to the complainant, Anderson, as against the defendants, the County Commissioners of Marion county, and dismissed the bill of complaint so far as the defendant, the Seaboard Air Line Railway, was concerned. The County Commissioners entered an appeal to this court, and the decree was reversed as against them at the present term. See *Long v. Anderson,* 48 Fla. 279, 37 South. Rep. 216.

The appellant, who was complainant in the court below, took the present appeal from the same decree, and seeks to

reverse that decree in so far as it dismisses the bill of complaint as against. the railway company.

The appeal being now taken up for consideration on final hearing, our attention is called in the brief of counsel for the railway company to certain defects in the transcript and the certificate thereto. The certificate states that "the foregoing pages numbered from one to seventy-nine inclusive, contain a correct transcript of the record of the judgment and decrees in the case of," naming the complainant and defendants, "and a true and correct recital and copy of all such papers and proceedings in said cause as appears upon the records and files of my office that have been directed to be included in said transcript ·by the written demands of the said parties—excepting certain papers, matters and proceedings directed by the parties to be included in said transcript, the same not being necessary for a clear and full presentation of any point or question raised by the assignment of errors relied upon by the appellant in the Supreme Court." It appears from the transcript that the appellant filed with the Clerk of the Circuit Court written directions requiring him to copy at length into the transcript quite a number of papers and proceedings properly a part of the record in the cause, many of which are entirely omitted or merely recited. Some of those omitted do not seem to have much, if any; bearing upon the questions presented by the assignments of error, but the appellee insists that others omitted from the transcript have a material bearing upon such questions, and we are not prepared to say that they may not have such bearing. It is true appellee gave no additional directions for making up the transcript, but it was not required to do so, if the appellant's directions embraced everything which in its judgment was material, and it had a right to rely upon those directions being complied with, in determining whether it would file additional ones.

The certificate to the transcript is neither in form nor substance that required by the rules of this court. True it follows the form prescribed down to the word "excepting,"

but that word and all that follow after it, very materially qualify the preceding part of the certificate and are wholly unauthorized. The clerk is given no discretion to omit anything which is directed by either party to be inserted, if it is a paper or proceeding in the cause having relation or leading up to the order or decree appealed from, even though, in his judgment, such paper or proceeding is not necessary for a clear and full presentation of any point or question raised by the assignments of error. The form of his certificate is prescribed by the rules and the clerk's duty in relation to the certificate is best performed by following that form, without any attempt to vary it.

The appeal should be dismissed at appellant's cost, and it will be so ordered.

SHACKLEFORD and WHITFIELD, JJ., concur.

TAYLOR, C. J., and COCKRELL, J., concur in the opinion.

HOCKER, J., being disqualified, took no part in the consideration of this case.