Worley et al. v. The Dade County Bank—Sylabus.

GEORGE A. WORLEY AND MARY K. WORLEY, HIS WIFE, AND LEE MCBRIDE, APPELLANTS, v. THE DADE COUNTY SE-CURITY COMPANY, A CORPORATION, APPELLEE.

1. A Clerk of the Circuit Court, in making up a transcript of the record for the Supreme Court has no discretion to omit anything which is directed by either party to be inserted, if it is a paper or proceeding in the cause having relation or leading up to the order or decree appealed from.

2. It is irregular and improper practice to refer a suit in chancery to a master for the purpose of taking testimony therein before all the issues are properly made up.

3. A suit in equity abates upon the death of a defendant who has appeared so far as proceedings against him or his interests are concerned, and if he were an indispensable party to a decree all proceedings must be suspended till his representatives have been brought in. If, however, his interest wholly ceases by his death, or wholly survives to one of the other parties, no revivor will be necessary.

4. The court cannot properly adjudicate the matters involved in the suit when it appears that necessary and indispensable parties to the proceedings are not before the court.

5. It is the duty of a party resorting to an appellate court to see that his transcript of record is properly prepared, in compliance with the rules of court, and to make the errors complained of clearly to appear.

This case was decided by Division A.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the Court.

*Geo. A. Worley,* for Appellants.

*Patterson & Erwin,* for Appellees.

SHACKLEFORD, C. J.: The transcript in this case is poorly prepared and the pleadings and proceedings generally are in a confused state, but we glean therefrom as follows: On the 3rd day of December, 1903, the appellee filed its bill in chancery in the Circuit Court for Dade County against the appellants and Harry L. Hoffman, seeking therein the foreclosure of a mortgage alleged to have been executed by Harry L. Hoffman to appellee, the appellants being made parties defendant as assignees of Hoffman and because they claim to have some interest in the mortgaged premises.

All the defendants seem to have joined in filing a demurrer to the bill, which was overruled, and a paper was filed purporting to be the answer of all the appellants but which is signed only by George A. and Mary K. Worley. To this answer a replication was filed in which the answer was designated as the answer of George A. and Mary K. Worley, and an order was made referring the cause to a general master in chancery to "take the proofs therein and report the same to the court with his findings thereon, with all convenient speed." The application for the order of reference was made by the appellee and was sworn to by W. W. Erwin, one of appellee's solicitors, in which application it was stated that "on February 1st, 1904, the defendant, Harry L. Hoffman, answered said bill, and that on the same day the defendants, Worley and

wife, and Lee McBride, filed a demurrer; that on March 1st, A. D. 1904, said demurrer was overruled, and at May Rules the defendants, Worley and wife, filed their answer to said bill; that in June, A. D. 1904, complainant filed a general replication to said answer and that said cause is now at issue and ready to take testimony therein."

The answer of Hoffman is not copied into the transcript and we are not informed what disposition was made of it. In the additional directions to the clerk by the appellee he was instructed to include in the transcript a copy of Hoffman's answer as well as a copy of the general replication, which replication, we presume, was to Hoffman's answer, as appellants had already directed the replication to the answer of Worley and wife to be copied. Be that as it may, for some reason unknown to us, neither Hoffman's answer nor the replication thereto, if there was one, was copied in the transcript, though appellee makes no point as to this omission. See Anderson, Trustee, v. Long, 48 Fla. 212, 37 South, Rep. 565. The oath of the defendants to their answers was expressly waived in the bill (Kahn v. Weinlander, 39 Fla. 210, 22 South Rep. 653) but this did not excuse the signing of the answer by McBride, without which it did not become his answer. Ballard v. Kennedy, 34 Fla. 483, 16 South. Rep. 327. No point, however, as to this is made by appellee. We find copied into the transcript a paper marked "Deft's Exhibit 'A, filed in evidence Aug. 5th, 1904," which is entitled in this cause and purports to be the answer of H. L. Hoffman, but, so far as is disclosed, it was not filed, bearing no file marks, and was not signed either by the defendant or by counsel. In fact, it is marked at the top "copy" and has thereon the following: "Mess. Graham, P. & ——— Here is some few facts and some law which I have put in this case for

the information, if not for the amusement of all concerned, except Worley. Watch his answer for a world of 'exceptions' thereto. W. R. A." We cannot treat this paper as the answer of Hoffman.

It seems that quite a volume of testimony was taken before the master by the complainant and the defendants and that, upon the motion of complainant, an order was made by the court on December 30th, 1904, directing the master to immediately file in the Clerk's office "the testimony and proofs taken by him as master in this cause without any findings thereon."

On the 14th day of January, 1905, the master filed his report of the testimony and exhibits.

On the 16th day of January, 1905, the complainant filed "exceptions for scandal and impertinence to the testimony" of certain witnesses.

On the first day of May, 1905, a paper was filed entitled as follows: "Exceptions taken by defendants to the testimony reported by the master in chancery, filed herein on the .... day of ........, 1905, for irrelevancy, irregularity, and impertinence, as the same appears in the master's report." This paper embraces about ten type-written pages and contains 24 "exceptions" of the most vague and general nature.

On the 6th day of September, 1905, the court made an order overruling "the foregoing exceptions," and also to the effect that the complainant have its decree, but whether this order is in reference to the exceptions filed by both the complainant and defendants we are not informed.

On the 18th day of September, 1905, the complainant filed a paper, suggesting therein the death of Harry L. Hoffman on the 2d day of said month, and "that said suit in chancery hereby survives against George A. Worley

and Mary K. Worley, his wife, and Lee McBride, the surviving defendants," and praying "that the said cause shall proceed against the said George A. Worley and Mary K. Worley, his wife, and Lee McBride, the surviving defendants herein, as in the statutes of the State of Florida is provided." This paper was sworn to by W. W. Erwin.

The court then made the following order: "On reading and filing the above affidavit, it is hereby ordered, adjudged and decreed that the said cause shall proceed against the said George A. Worley and Mary K. Worley, his wife, and Lee McBride, the surviving defendants herein, in accordance with Section 1683 of the Revised Statutes of Florida."

The reference to Section 1683 of the Revised Statutes is evidently a clerical misprision, as such section relates entirely to garnishment proceedings and has no applicability to the instant case. We do not know to what statute the court intended to refer. Possibly it may be section 992 of the Revised Statutes of 1892, but, if so, it also is not applicable, for the reason that it relates solely to the question of survivorship in actions at law. It originally formed section 42 of Chapter 1096, Laws of 1861, which Chapter related to actions at law. So far as we know, there is no section in the Revised Statutes as to the suggestion of the death of one of the parties in a suit in equity and as to the proper procedure. We must look to Rules 37 and 38 of "Rules of Circuit Court in Suits in Equity," found on page 48 of the Rules of Practice prefixed to 14th Fla.

A suit in equity "abates upon the death of a defendant who has appeared so far as proceedings against him or his interests are concerned, and if he were an indispensable party to a decree all proceedings must be suspended till his representatives have been brought in. If, however,

his interest wholly ceases by his death, or wholly survives to one of the other parties, no revivor will be necessary." 1 Foster's Fed. Pr. (3rd ed.) sec. 174 on page 392. We also refer to 5 Ency. of Pl. & Pr., 790, 834, 840, 841, and authorities cited in notes; Story's Eq. Pl. (10th ed.) secs. 356, 357, 369; Fletcher's Eq. Pl. & Pr., sec. 848; VanZile's Eq. Pl. & Pr., sec. 271; Avery v. Ryerson, 34 Mich. 362; Wright v. Phipps, 58 Fed. Rep. 552; Glenn v. Clapp, 11 Gill & J. (Md.) 1.

The question to be determined, then, is as to whether or not Hoffman was a necessary or indispensable party defendant to the foreclosure proceedings and, if so, whether or not his interest wholly ceased by his death or wholly survived to one of the other defendants. The appellee evidently thought he was a proper, if not a necessary, party defendant, else it would not have made him a defendant. Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, text 514, 39 South. Rep. 392, 396.

We find from an examination of the bill that it prays for an accounting as to what is due complainant and that the defendant, Harry L. Hoffman, be decreed to pay to complainant the amount found to be due "for princ'pal and interest, dues, premiums, assessments, and premiums for insurance, reasonable attorney's fees, and the costs of this foreclosure," as well as for other relief.

As we have already said, the pleadings and proceedings generally are in such a state of confusion that it is exceedingly difficult to determine with any degree of satisfaction the real status of the parties before the court or their respective rights. We cannot tell what defences may have been embraced in Hoffman's answer or how his interests may have been affected by the decree. In such a state of the pleadings we are at a loss to understand how the court

proceeded to a final decree. The appellee neither dismissed as to Hoffman nor proceeded under Equity Rule 38 to revive the suit against his legal representatives. As appellee made Hoffman a party defendant and has failed to make any showing to the effect that his legal representatives were not necessary parties, we can indulge in no such presumption, but must conclude that the suit abated by Hoffman's death, and that no further proceedings could be had therein until his representatives were properly brought before the court. It necessarily follows, therefore, that it was error for the court to proceed to a final decree, which it did, finding therein, among other things, the sum of $3,865.64 to be due the complainant from Hoffman as well as from the other defendants.

The decree must be reversed, and it is so ordered, at the cost of the appellee, with leave to the appellee to revive the suit against Hoffman's legal representatives, and for such further proceedings as may be in accordance with equity practice and this opinion.

We think it well to call the attention of both appellants and appellee to the confused state of their respective pleadings and would suggest the advisability of their seeing that they are put in proper shape.

We also call attention to what we said in Florida Land Rock Phosphate Co. v. Anderson, *supra*, as to the making up of transcripts for this court, as well as to the requirements of Rule 32 found on page 16 of the Rules of Supreme Court prefixed to 51 Fla.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.