LUKENS GULF CYPRESS COMPANY, A CORPORATION, *et al.*, *Appellants,* v. J. HENRY COCHRAN, *Appellee.*

### Opinion Filed March 11, 1913.

1. Two defendants in a suit in equity against whom a decree *pro confesso* has been entered may enter their joint appeal from an interlocutory order refusing to open up and vacate such decree *pro confesso* without joining the other defendants in the appeal, as such other defendants are not necessary parties to the appeal.

2. The Clerk of the Circuit Court has no authority to enter a decree *pro confesso* against defendants who have a plea on file to the bill which has not been disposed of, even though such plea might not have been proper to be filed under the order of the court. That is a judicial matter to be determined by the Circuit Judge.

3. Where a plea is filed to a bill in equity which suggests the death of the sole complainant, it would be erroneous for the Circuit Judge to enter a decree *pro confesso* against the defendants filing such plea, since the question of whether the proper complainant is before the court should be determined before any further proceedings are had in the cause.

4. A suit in equity abates upon the death of the sole complainant, and all proceedings must be suspended until his legal representatives have been brought in.

Appealed from the Circuit Court for Lafayette County.

Order reversed.

*Williams & Hardee* and *Thos. W. Fielding,* for Appellants;

*Fleming & Fleming,* for Appellee.

SHACKLEFORD, C. J.—As is set forth in the opinion in Dees v. Cook, 58 Fla. 420, 51 South. Rep. 138, Henry C. Cook filed his bill in chancery against William T. Dees and other named defendants for the purpose of removing clouds upon the title to certain described real estate. A final decree was rendered in favor of the complainant, which we reversed upon appeal for the reason that it appeared in the transcript that while the cause was still pending the complainant had sold and conveyed by warranty deed the real estate described in the bill to J. Henry Cochran. After the going down of the mandate from this court, J. Henry Cochran filed what he designated an "amended bill in the nature of a supplemental bill," making defendants thereto all the parties who were made defendants in the bill filed by Cook. All of the defendants united in interposing a demurrer to the bill, which was overruled and the defendants allowed until a certain day in which to plead or answer. Two of the defendants, Samuel C. Lukens, trustee, and Lukens Gulf Cypress Company, a corporation, filed a plea, within the time named, which plea was overruled and the two defendants were allowed until the Rule day in August, 1912, "to further answer as they may be advised." On the 17th day of July, 1912, these two defendants filed another plea, which, omitting the caption, is as follows:

"These defendants by protestations, not confessing or acknowledging all or any of the matters and things in said bill contained to be true in such manner and form as the same are therein and thereby set forth and alleged, doth each of them plead thereunto, and for plea to said bill says that the prayer thereof should not be granted because the said complainant, J. Henry Cochran, is deceased, having departed this life since the filing his amended bill in the nature of a supplemental bill, and

further says that the prayer of said bill should not be granted because William T. Dees is deceased, having departed this life since the bringing of this action. That the defendants, Samuel C. Lukens, trustee, and Lukens Gulf Cypress Company, two of the defendants in the amended bill, in the nature of a supplemental bill, do not know who are the heirs at law or the legal representatives of the said William T. Dees. And further say that the prayer of the said bill should not be granted because Henry C. Cook is the real complainant in said bill and is conducting the prosecution, and employing counsel to prosecute this cause in his behalf and that neither the said J. Henry Cochran or his heirs are prosecuting this action, and the courts have held in this suit heretofore that Henry C. Cook was not a proper party to said action and had no interest therein."

On the 5th day of August, 1912, the counsel for the complainant filed a praecipe for a decree *pro-confesso* against such two defendants "for failure to file an answer, properly verified and sworn to, before the Rule day in August, A. D. 1912, in accordance with the order of the court handed down on June 11th, A. D. 1912." On the same day, which was the Rule day in August, the Clerk of the Circuit Court entered a decree *pro-confesso* against such two defendants for failure to file and answer, in accordance with the request in the praecipe. On the 7th day of October, 1912, such two defendants filed a motion "for an order to set aside the decree *pro-confesso*," which motion was denied by the court on the 9th day of October, 1912, and from which interlocutory order such two defendants, Lukens Gulf Cypress Company, a corporation, and Samuel C. Lukens, trustee, have entered their appeal. We do not copy the grounds of the motion or the affidavits filed by the respective parties and used at the hearing for

the reason that, in view of the conclusion which we have reached, it becomes unnecessary to consider them. It may be well to state that in a supplemental bill filed by Henry C. Cook, then the sole complainant, on the 9th day of September, 1902, it is alleged that a decree *pro-confesso* had been entered against Williams T. Dees and Laura A. Dees, his wife, two of the defendants. We mention this because the appellee is contending here that the appeal should be dismissed for the reason that Dees and his wife, as well as the other defendant, H. W. Steinhilper, are necessary parties thereto, while the appellants rely upon the allegation in the supplemental bill as to the entry of the decree *pro-confesso* against Dees and his wife and further contend that such supplemental bill clearly shows that "H. W. Steinhilper, the only party defendant in the suit below, had no interest whatever in the litigation." We would further call attention to the fact that in what is designated as "Amended bill in the nature of a supplemental bill," filed by J. Henry Cochran, which is the bill which figures in the instant case, William T. Dees, Laura A. Dees, his wife, H. W. Steinhilper, Lukens Gulf Cypress Company, a corporation, and Samuel C. Lukens, trustee, are all made defendants, and relief is prayed against all of "said defendants." As will also be observed, in the plea filed by Lukens Gulf Cypress Company and Samuel C. Lukens, trustee, which we copied above, it is averred that William T. Dees, one of the defendants, has departed this life. We mention these matters because this litigation has already been much protracted, the original bill having been filed on the 14th day of June, 1902, and it would seem to have become involved in a "labyrinth of confusion." It is to the interest of all parties concerned, as well as to the interest of the State, that the litigation

be terminated.   We are clear that the other defendants are not necessary parties to the appeal in the instant case, since the appeal is from an interlocutory order refusing to open up and vacate a decree *pro-confesso* which was entered against only the two defendants who have appealed.   See Guarantee Trust & Safe Deposit Co. v. Buddington, 23 Fla. 514, 2 South. Rep. 885, and Jacksonville M. & P. Ry. & Nav. Co. v. Broughton, 38 Fla. 139, 20 South. Rep. 829.   The plea of the appellants, which we have copied above, is not artificially drafted and cannot be regarded as a model, but it was certainly sufficient to prevent the entry of a decree pro confesso against the two defendants.   Undoubtedly the clerk had no authority to enter it, with a plea on file to the bill, even though such plea might not have been proper to be filed under the order of the court.   That was a judicial matter to be determined by the Circuit Judge.   But, as such plea suggested the death of the sole complainant, it would have been erroneous for the Circuit Judge to have entered a decree *pro-confesso* against the defendants.   See our holding and reasoning in Hull v. Burr, 62 Fla. 499, 56 South. Rep. 673.   In Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527, we held:  "A suit in equity abates upon the death of a defendant who has appeared so far as proceedings against him or his interests are concerned, and if he were an indispensable party to a decree all proceedings must be suspended till his representatives have been brought in.   If, however, his interest wholly ceases by his death, or wholly survives to one of the other parties, no revivor will be necessary."   This principle applies with full force upon the death of the sole complainant.   It follows that the court erred in refusing to vacate the decree *pro-confesso* so erroneously entered

against the appellants, and that such interlocutory order must be reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.