G. S. YOUNG, *Appellant,* v. W. B. DOUGLASS, as Administrator of the Estate of George A. Douglass, Deceased, *Appellee.*

Division A.

Opinion filed May 27, 1929.

900

*J. G. Hodges,* for Appellant;

*Cone & Chapman,* for Appellee.

ELLIS, J.—This case is here on appeal from an order overruling a demurrer to a bill of complaint seeking to revive a cause which had abated by the death of the complainant.

In September, 1921, George A. Douglass exhibited his bill in chancery seeking a "dissolution, accounting, discovery and relief of the defendant, G. S. Young, and in so doing made J. C. Marsh, Leonard Marsh, partners doing business as Marsh Brothers, Peninsular Naval Stores Company, a Corporation; Baldwin Lewis Company, a Corporation, and J. T. Johnson et al., defendants."

It is alleged that all the defendants appeared and answered or "filed pleadings incident to and in connection with the above styled cause"; that the cause proceeded to the taking of testimony and the filing of the master's report; that the complainant G. A. Douglass died on February 15, 1925, leaving the cause undisposed of and the equities unsettled; that on the 26th day of February, 1926, W. B. Douglass was duly appointed as administrator of the estate of George A. Douglass, deceased. The administrator caused to be filed the "petition" for a revival in his name of the cause mentioned.

G. S. Young demurred to the bill upon several grounds, which were in substance: First, that it did not appear that the deceased did not in the original bill seek an interest in real estate; second, that if the deceased in the original bill sought an interest in real estate the cause could be revived in the name of the administrator only by the latter showing that he had taken possession of the real estate of the deceased; third, that the bill fails to make any such showing, and fourth, that it fails to show that the subject of this suit sought to be revived survives to the personal representatives of the deceased.

The demurrer was overruled and G. S. Young answered, averring that the original bill sought the dissolution of a co-partnership alleged to exist between Young and J. T. Johnson and that Douglass had acquired and succeeded to the latter's interest in the co-partnership and that the bill had

reference to real property alleged to be owned by the co-partnership and in addition thereto sought to ''enforce the endorsement of this defendant (Young) upon a note made by the said George A. Douglass payable to the said J. T. Johnson and endorsed by this defendant.'' It is contended that if any such right existed it was a personal right and did not survive to the administrator of George A. Douglass.

The cause was submitted to the chancellor on a motion made by the complainant for an order of revival. The motion was granted and the cause was revived in the name of ''W. B. Douglass, as Administrator of the Estate of George A. Douglass, deceased, complainant, v. G. S. Young, defendant.''

An appeal was taken from both orders.

George A. Douglass was the sole complainant and the cause abated on his death. Lukens Gulf Cypress Co. v. Cochran, 65 Fla. 305, 61 So. R. 630. If his interest wholly ceased by his death or wholly survives to one of the other parties, no revivor will be necessary. Worley v. Dade County Bank, 52 Fla. 666, 42 So. R. 527.

There is no statute in this State, if indeed one was necessary or proper, regulating the revival of a suit in equity on the death of the sole complainant. Rule 37 of Rules of Circuit Court in suits in equity provides that: ''In all cases where the plaintiffs have died, their legal representatives may, upon motion at any time and upon filing a duly authenticated copy of the letters testamentary or of administration and notice thereof to the defendant, be made parties, and the cause shall proceed as though the complainant had not died, or the defendant may obtain an order reviving the cause by motion and notice thereof to the legal representatives of the plaintiff, and filing a certified copy of the letters testamentary or of administration as aforesaid, and

the cause shall thereupon stand for such proceeding or order or decree as may be proper."

It is contended that these requirements were not complied with, but this contention cannot be sustained. The petition was filed by leave of the court first obtained and there is nothing appearing of record to show that "a duly authenticated copy of the letters  *  *  *  of administration and notice thereof to the defendant" had not been filed. The instructions to the clerk direct him to "omit all other papers" from the transcript except those which he was directed to copy. The court's order is presumed to be correct in the absence of any affirmative showing of error.

Whether the cause was one which survived to the administrator or to the heirs of the deceased it is quite impossible from this record to ascertain. If any ground existed in the cause presented for imposing a liability upon Young on the promissory note of Douglass executed in favor of Johnson we are unable to say that the right to enforce that liability would not survive to the administrator of Douglass, especially as it appears that Douglass was not seeking the dissolution of a partnership between him and Young but an accounting from Young of Johnson's interest in a co-partnership which had already been dissolved by the sale of the latter's interest which was acquired by Douglass. The right to such relief would survive. If the assets of a deceased person have been specifically diminished by the cause of action it survives. See Davoreen v. Wootten, 1 (1900) I. R. 273.

As a general rule in equity the death of a party abates the suit although the interest which he has in the suit or which he represents survives. 1 C. J. 155.

Sec. 4211, Comp. Gen. Laws 1927, provides that all actions except actions for personal injuries such as assault and battery, slander, false imprisonment and malicious prosecu-

tion shall and may be maintained in the name of the representatives of the deceased. That section does not have the effect of continuing an interest represented by the deceased which does not survive. That is, where the death of the complainant removes the whole ground of the suit. See Jones, Varnum & Co. v. Townsend, 23 Fla. 355, 2 South. Rep. 612.

The original suit appears from the meager description of it in this record to be one within the purview of the statute to which reference is above made. The presumption is in favor of the correctness of the chancellor's ruling as there is nothing in the record to show affirmatively that it was erroneous.

The orders are affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.