## MARY EAGLE v. H. H. CARR

14 So. (2nd) 268                                          June Term, 1943
June 29, 1943                                               Division A

*James Kytle Williams* and *Joseph A. Wanick,* for appellant.

*Leonard Epstein,* for appellee.

ADAMS, J.:

The purpose of this suit was to terminate a partnership between the parties and have an accounting. There appears little question about the partnership having existed and the several properties described having been acquired as partnership assets. Defendant answered that prior to suit, a full settlement had been made and accepted by plaintiff. The cause was referred to a master who made findings and recommendations in favor of plaintiff. The master's report was filed July 24, 1942. On July 27, next, plaintiff filed a request

for a receiver of the property because of defendant's death on June 13, 1942. This petition was supported by proof of the death. On August 3rd, the court appointed a receiver. August 6th, the attorney who had represented the defendant filed exceptions to the master's report. On November 30th, the court overruled the exceptions but declined to enter final decree until the cause was revived because of defendant's death. December 12th, plaintiff filed a suggestion of death and prayed for the appointment of an administrator ad litem. December 14th, the court dismissed the cause and ordered the master's fee to be paid by each party equally. On December 31st, plaintiff challenged the latter order by petition for rehearing upon the ground that the cause had not been revived and the court had acted of its own motion and without notice to plaintiff or her attorney and too, that the order was contrary to the master's findings and the weight of the evidence. January 4th, the acourt discharged the receiver and on January 19th following, the court reinstated the cause for the purpose of decreeing the equities with defendant on his counterclaim, dismissing the bill and assessing all the cost against plaintiff. The plaintiff challenged the latter order because of lack of notice and no revival of the cause.

Lest we fall into the same error as the lower court, we will refrain from discussing the merits and confine our decision to the regularity of the proceedings, without a revivor as to the party defendant. So far as the record shows the challenge to the several orders for want of proper motion and pursuant to notice was well founded. Due process, as well as orderly procedure, contemplates that notice should have been given and the parties allowed to be heard before the challenged orders were entered.

Upon the death of defendant however the suit abated and all proceedings thereafter were of no effect. Sec. 63.19, Fla. Stat. 1941. Worley, et al., v. The Dade County Bank, 52 Fla. 666, 42 So. 627. Sec. 59, Florida Chancery Pleading and Practice by Kooman and Equity Rule 38.

The decree appealed from is reversed with directions to entertain proper application to revive the suit and then pro-

ceed in an orderly fashion to determine the subject matter of the suit.

Reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.