PER CURIAM.
This is an appeal by the heirs and ad-ministratrix of an intestate from an order allowing a fee to a guardian ad litem for the minor heir, for his services incident to the applications of the administratrix for leave to sell certain real estate and two automobiles, and from an order denying their petition for rehearing and for reduction of the fee allowance. The appellee did not file a brief as required by Rule 3.7 (b) F.A.R., 31 F.S.A.
The administratrix filed three petitions to sell several parcels of real estate and two automobiles, for a total of $54,500. The three heirs were a daughter, Lavera J. Brown who was the administratrix, and two sons, Nellis J. and Lester Earl Hollen-beck, both residing in Erie, Pennsylvania, and aged 29 and 17 years, respectively. A guardian ad litem was appointed to represent the minor in connection with the petitions for sale. Sections 732.54 and 733.23, Fla.Stat., F.S.A.
The sales of property which the guardian ad litem was called upon to investigate in the interest of the minor heir, had been recommended by the administratrix and were favored by the two adult heirs. The guardian ad litem for the minor filed answers to the sale petitions, approving the proposed sales as being for the best interest of the estate, and the court granted the sale petitions. The guardian petitioned for fees. It appears that the attorney for the admin-istratrix had notice but was not present when the fee petition was acted upon,[1] and that notice was not given to the heirs.[2] On *856 the basis of the court file and the guardian’s petition unsupported by affidavits or other proof, an order was entered allowing the guardian ad litem a fee of $1,000, charged to the estate. The petition of the guardian ad litem listed the answers which had been filed to the petitions for sale, recited the filing of his oath and that the hearings on the petitions had been attended. The petition added that the guardian ad litem had investigated files and records and had conferred with counsel with respect to the sales, and that he had inspected the property involved in two of the petitions. The petition filed on behalf of the heirs and administratrix for rehearing and to reduce the allowance represented that the services performed by the guardian ad litem were routine, that they consumed only approximately four hours of time, and that the minimum fee suggested by the Dade County Bar Association indicated $50 for such representation of a minor by a guardian ad litem for a sale of property, or $150 for the three sales.
Allowance of a fee to' such a guardian ad litem is a matter largely within the sound judicial discretion of the court making the appointment. But such discretion is to be exercised to allow only fees which are reasonable compensation for the services performed in view of the applicable circumstances. And the party moving for the fee has the burden to show, by appropriate proofs, through testimony, affidavits or otherwise, the services performed and their reasonable value. See Lewis v. Gramil Corp., Fla.1957, 94 So.2d 174.
Under the circumstances disclosed in this case, the award appears grossly excessive. Accordingly, the order appealed from is reversed and the cause is remanded for reconsideration by the county judge, on hearing after notice as required by § 734.01(2) Fla.Stat., F.S.A., on the guardian ad litem’s petition for fee and on the proofs or evidence which may be presented.
Reversed and remanded.

. His absence was referred to in the petition for rehearing which recited he had stayed away because of an emergency and that he and the guardian ad litem had earlier discussed a fee in the range of $100 to $200.

. The Florida Probate Law provides for notice to be given “to persons adversely affected” when an attorney who has rendered services to an estate applies for fees. § 734.01(2). See also Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L. Ed. 865, 873. Compare Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Nystrom v. Nystrom, Fla.App.1958, 105 So.2d 605, 609; Valdosta Milling Co. v. Garretson, Fla.1951, 54 So.2d 196; Eagle v. Carr, 153 Fla. 224, 14 So.2d 268; Redman v. Kyle, 76 Fla. 79, 80 So. 300, 304; Fraser, Actions in Rem, 34 Cornell L.Q. 29, 41 (1948).