BARKDULL, Judge.
The appellant, defendant in the trial court, appeals a post-final judgment order denying its motion to vacate a certain order allowing a third party claim in and to a portion of the proceeds derived on an execution sale.
It appears from the record that the ap-pellee Bergstresser, as plaintiff, instituted an action against the appellant, as defendant, wherein he obtained a final judgment and thereafter levied on an aircraft allegedly belonging to the appellant-defendant. Immediately prior to the execution sale the appellee, Sunny South Aircraft Service, Inc., filed [without any previous order of court] a third party claim affidavit, averring that it had obtained a writ of attachment in the Civil Court of Record in and for Dade County, Florida, and that it was entitled to a lien upon the plane which was subject to the execution levy because of certain labor and material' performed on said plane while it allegedly was in the hands of a previous owner. It appears that the judgment creditor and the third party claimant, without the express joinder of the judgment debtor, conceded that the third party claimant had a superior lien as against the judgment creditor to so much *463 of the proceeds as was necessary to satisfy the third party claimant’s claim and, pursuant to the record then before him, the trial judge did award to the third party claimant, Sunny South Aircraft Service, Inc., an order directing the sheriff to pay so much of the proceeds derived from the execution sale to it in full satisfaction of its claim of lien.
After the proceeds had been disbursed, the appellant filed an appropriate motion seeking to set aside the order allowing the third party claim, which motion was denied even though this order recited that the order providing for distribution was “entered * * * without notice to the Defendant”. We are of the opinion that the court erred in denying the motion to vacate, and hereby reverse with directions that the appellee, Sunny South Aircraft Service, Inc., return the monies received from the sheriff [by virtue of the order on the third party claim] either to the custody of the sheriff or into the registry of the trial court [as the trial judge may direct] to await further proceedings in this cause as to the validity and priority of Sunny South’s claim and affording to all parties an opportunity to file pleadings and have the issues determined thereon, in accordance with due process of law. It is apparent that the failure to give the judgment debtor notice of the claim of the third party claimant and an opportunity to contest said claim amounted to a denial of due process. See: Ryan’s Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 843; Eagle v. Carr, 153 Fla. 224, 14 So.2d 268 ; 6 Fla.Jur., Constitutional Law, § 322. The judgment creditor and the third party claimant were without authority to stipulate away the rights of the judgment debtor as to the chattel under levy.
Therefore, for the reasons above stated, the order here under review is reversed with directions.
Reversed with directions.