275 So.2d 293 (1973)
James CAVALIER et al., Appellants,
v.
Stanley M. IGNAS, Appellee.
Nos. 72-945, 72-948.
District Court of Appeal of Florida, Third District.
March 20, 1973.
Rehearing Denied April 18, 1973.
Gus Ethimiou, Jr., Theodore M. Epstein, Miami, for appellants.
O'Connor, Gordon & Breuel, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PER CURIAM.
The defendants below appeal from an adverse judgment. The nature of the case, and the pleadings and positions taken by the parties in the trial court are disclosed in a comprehensive judgment of the trial court which included findings of fact and conclusions of law, as follows:
"Plaintiff, Stanley M. Ignas, by his Second Amended Complaint alleged that:
"1. He and Defendant James Cavalier, (Cavalier) entered into a partnership agreement, for the purpose of purchasing *294 and operating an apartment house on Miami Beach, which agreement called for each party to contribute Five Thousand Dollars ($5,000.00) to the venture; that Plaintiff contributed his share, but Cavalier did not, and that Plaintiff invested not only his agreed share, but also that of Cavalier, and that Plaintiff also paid Cavalier's agreed share of real estate taxes as well as his own. Plaintiff asked that the partnership agreement be set aside, and declared a nullity because of lack and/or failure, of consideration, and that Plaintiff be declared the sole owner of the lessee's interest in the leasehold of the apartment building.
"In a second count, Plaintiff seeks to have removed from the record, as constituting clouds on the title to the leasehold, so-called Management and Security Agreements executed by Cavalier, as the managing or general partner, of the limited partnership, with the other Defendants, Delta Chemical Company and Sunshine Food Products Co.; without the knowledge or prior consent of the Plaintiff and without adequate consideration or benefit to the apartment venture or leasehold.
"The several Defendants filed answers traversing the complaint, and seeking the judicial establishment of the validity of the several instruments involved, and their enforcement. Additionally Defendant Milgram has cross-claimed against Cavalier, seeking judgment for the repayment of monies lent.

"Findings of Fact
"After the taking of extensive testimony involving several hearings, I find the following facts to be established:
"1. Plaintiff Ignas and Defendant Cavalier entered into an agreement of Limited Partnership on August 12, 1966, with Cavalier designated as the general, and Ignas the limited, partner. The agreement called for each to contribute Five Thousand Dollars ($5,000.00). The uncontradicted testimony reflects that the partnership was formed to purchase the lessee's interest in the leasehold encumbering the Pinetree Apartments at 4812 Pinetree Drive, Miami Beach, Florida.
"2. The uncontradicted testimony reflects that Cavalier failed to pay the Five Thousand Dollars ($5,000.00) contribution called for by the agreement; failed to pay his share of the taxes and other obligations arising under the leasehold, and converted to his own use at least some of the rental income from the apartment property, without accounting therefor to the Plaintiff.
"3. Cavalier's testimony to the effect that his contribution was to take the form of services, and that all rental income, was used to defray leasehold expenses is not worthy of credence.
"4. All funds (as between the parties) invested in the leasehold, purchase, and expended in the substantial improvements of the apartment property have been furnished by the Plaintiff. Plaintiff, who is a competent craftsman, has also performed most of the improvements to the property, which are considerable, through his own personal labors. Cavalier contributed no personal services, except for living on the premises for a short period, pending Plaintiff's arrival from Chicago, and then turning the keys and records of the premises to Ignas, prior to leaving the premises, and returning to Milwaukee.
"5. Cavalier borrowed One Thousand Five Hundred Dollars ($1,500.00) from Defendant Cross-Plaintiff James Milgram, whom he met in the office of his attorney, who was also attorney for Milgram. The testimony that the loan was personal to Cavalier, and constituted his personal obligation, is undisputed. There was no testimony that any part of the One Thousand Five Hundred Dollars ($1,500.00) was used for partnership purposes.
"6. After making the personal loan, and without any consideration flowing from the partnership, Cavalier executed, in recordable form, the following described *295 instruments, which Plaintiff seeks to have stricken from the records as clouds on the leasehold title:
"(a) [Describing a mortgage of $36,000 on the leasehold, the personal property thereon and rentals, made by Cavalier of Miami Beach, Ltd., and James Cavalier to Delta Chemical Company, to secure performance of the Management Agreement.]
"(b) [Describing a management agreement employing Delta Chemical Company to manage the premises for five years at $300 per month, with provision for renewal.]
"(c) [Describing a mortgage for $1,500 from James Cavalier to Sunshine Food Products Company incumbering Cavalier's interest in the leasehold and personal property thereon.]
"(d) [Describing an instrument by which Delta Chemical Company gave notice of election to extend the management agreement.]
"7. I find that the Plaintiff was never informed about the existence of these instruments, and that all were recorded, and that (c) and (d) above were executed after institution and service of the original complaint herein, which named only Cavalier as defendant. Plaintiff became aware of them only after his attorney caused the abstract to be continued, resulting in the First and Second Amended Complaints, adding additional necessary parties, and seeking expungement of these instruments from the Official Records of Dade County.
"8. The testimony; exhibits; the unconscionable terms of the recorded instruments and the timing of their execution and recording; the demeanors of Cavalier and Milgram; and the deliberate concealment of their actions from the Plaintiff (who is the only party with financial investment in the subject property) clearly tracks a calculated scheme on their part to victimize the Plaintiff.

"Conclusions of Law and Final Judgment
"Based on the foregoing, it is the Judgment of the Court:
"1. This Court has jurisdiction of the parties and subject matter of this cause.
"2. The equities are with the Plaintiff and against the Defendants.
"3. The limited partnership agreement of August 12, 1966, executed by James Cavalier as general partner, and Stanley Ignas as limited partner, which limited partnership is or has been otherwise sometimes identified as `Cavalier, Ltd.' or `Cavalier of Miami Beach, Ltd.', is hereby declared null and void ab initio, for lack of consideration.
"4. The Plaintiff, Stanley M. Ignas, is hereby adjudged to be the sole owner of the lessee's interest in and to the ninety-nine year leasehold incumbering the following described real property located and situate in Miami Beach, Dade County, Florida, to-wit:
"Lot 19, Block 32, Lakeview Subdivision, according to the Plat thereof, recorded in Plat Book 14 at Page 42 of the Public Records of Dade County, Florida, otherwise known as 4812-20 Pine Tree Drive, Miami Beach, Florida, together with all improvements thereon and personal property and equipment situated therein.
"5. The Clerk of this Court is hereby ordered to expunge from the Official Records of Dade County, Florida, the following described instruments, hereby declared to be a cloud or clouds upon the title of Plaintiff, Stanley M. Ignas, to the aforesaid leasehold, to-wit:
[Here the judgment again listed the instruments referred to above as (a), (b), (c) and (d), under paragraph 6 of the findings of fact, adding as (e) the filed notice of lis pendens.]
"6. With respect to the counterclaim of defendants James Milgram, individually, and as surviving Trustee of Delta Chemical Corporation (Company) and Sunshine Food Products Co.; the Court finds for the Plaintiff, Counter-Defendant, Stanley M. Ignas, and against said defendant(s) Counterclaim(s).
*296 "7. With respect to the cross-claim against Cross-Defendant James Cavalier, individually, the Court finds for the Cross-Claimant James Milgram as surviving trustee of Sunshine Food Products Co., and against James Cavalier, individually, in the sum of One Thousand Five Hundred Dollars ($1,500.00), together with interest from June 21, 1967, and together with said Cross-Claimants' costs of this action.
"8. The Counterclaim of James Cavalier, individually and on behalf of Cavalier of Miami Beach, Ltd., is hereby dismissed as being without merit.
"9. Plaintiff, Stanley M. Ignas, shall have his costs of this action to be taxed hereafter, and the bond posted herein by the Plaintiff is hereby discharged."
This court has considered the contentions presented by the appellants, in the light of the record and briefs, and concludes that no reversible error has been shown. The findings of the trial court are supported by competent substantial evidence, and in our view the court properly disposed of the legal questions involved.
Affirmed.