290 So.2d 20 (1974)
James CAVALIER, Petitioner,
v.
Stanley M. IGNAS, Respondent.
No. 43824.
Supreme Court of Florida.
January 31, 1974.
Rehearing Denied March 15, 1974.
*21 Gus Efthimiou, Jr., Miami, for petitioner.
Alexander S. Gordon, Miami, for respondent.
DEKLE, Justice.
This is a review upon petition for writ of certiorari alleging conflict between the instant decision of the Third District Court of Appeal at 275 So.2d 293, and the cases of Western Union Telegraph Co. v. Suit, 153 Fla. 490, 15 So.2d 33 (1943); Eagle v. Carr, 153 Fla. 224, 14 So.2d 268 (1943) and Burton v. Walker, 231 So.2d 20 (Fla. App.2d 1970). As will later appear, conflict exists with these cases, and we have jurisdiction pursuant to Art. V, § 3(b)(3), Fla. Const., F.S.A.
Petitioner and respondent entered into a limited partnership agreement for the purpose of purchasing and operating an apartment house on Miami Beach. Petitioner was designated the general partner and respondent the limited partner. The agreement called for each party to contribute $5,000, but the respondent ended up paying the petitioner's $5,000 share also, and petitioner's share of the taxes. However, petitioner contributed his time and effort in locating the apartments and in attending to their management for a time, during which the rentals and rental income doubled. These facts raise the question of the propriety of the final judgment which was entered declaring the entire partnership agreement null and void for lack of consideration and adjudging the respondent sole owner, despite at least the considerations of time and management on the part of petitioner which could not be ignored and should have been heard. In this respect, the petitioner claims a denial of due process in not being heard upon a continuance of the case prior to entry of the final judgment.
Upon a non-jury trial, after respondent rested his case, the petitioner moved for judgment and began to argue his motion, when he was interrupted by the attorney for the respondent. After a brief discourse with respective counsel, the trial court said, "All right, then, let us get some more time and I will hear the whole thing." They never did. But while awaiting the anticipated further hearing for petitioner, the court allowed respondent to file a second amended complaint.
It is significant that respondent's subsequent second amended complaint asserted important new relief which was the relief ultimately granted in the final judgment without further hearing. This second amended complaint was different from the earlier amended complaint in that one count alleged an action for actual cancellation and total dissolution of the partnership agreement, thereby totally eliminating any interests or consideration that might be shown by petitioner, despite his failure in certain respects. This new amended complaint also deleted certain previous allegations which were material. The initial complaint was quite a different story; it merely sought a partnership accounting with incidental temporary enjoinder of petitioner regarding partnership interests. These differences present a very substantial departure and a totally different and more serious result (which the judgment without further hearing granted) entirely eliminating any interests of the petitioner. The circumstances demanded further opportunity to be heard.
Western Union Telegraph Co. v. Suit, supra, reiterated that the fundamental principle of due process of law demands notice and an opportunity to be heard before final judgment. This essential requirement was not afforded; the cause must go back for notice and full hearing *22 on all the merits, including the amended complaint.
In Burton v. Walker, supra, the District Court of Appeal, Second District, was presented with the same question now before us, that is, whether the trial court erred in entering judgment without affording the other party an opportunity to conclude his case. Eagle v. Carr, supra, is to like effect, all of which cases present a clear conflict with respect to due process.
Final judgment was entered without petitioner having been afforded notice and an opportunity to be heard and without the cause having been set for trial on the second amended complaint. Such a course of action directly contravenes the due process requirements set forth in the cases cited above, which requirements we hereby reaffirm. Due process of law requires that notice be given and that petitioner be afforded an opportunity to be heard before entry of a final judgment, neither of which requirements was met in the instant case.
Respondent contends that it was incumbent upon petitioner to request an opportunity to be heard and in view of the lapse of almost 9 months from the last evidentiary hearing to the date of final judgment that there was ample opportunity to be heard and petitioner failed to seek it. We agree that it would have been helpful for petitioner to expedite a resolution of the litigation in this manner; however, he was the defendant as to the complaint. Generally it is not the defendant who presses the action against himself. Indeed, it is sometimes in the interests of a defendant (as petitioner was in the trial court) not to take action; see, for instance Rule 1.420(e), FRCP, 30 F.S.A., which provides for dismissal of a complaint where no action has been taken in the cause for a period of one year. To place the burden of "moving the case" on a defendant, absent specific rules providing time limitations on his actions, subverts this rule, at least in part. Respondent would have us hold that petitioner has waived his right to be heard simply by not affirmatively demanding it; this we decline to do.
Accordingly, the opinion of the District Court of Appeal, Third District, is quashed with directions to set aside the final judgment and to remand to the Circuit Court for Dade County for further hearing and proceedings not inconsistent with this opinion.
It is so ordered.
CARLTON, C.J., and ROBERTS and ERVIN, JJ., concur.
ADKINS, J., dissents.