BOYER, Judge.
This case involves the 1970 assessments of appellants’ 159,805 acres of timberlands in Madison County. Appellants, as taxpayers, protested their 1970 timberland assessments to the Madison County Board of Tax Adjustment which granted no relief. Shortly thereafter appellants petitioned for arbitration of the assessments of their lands under F.S. 194.033, which was then in effect. Under that law the appellants selected an arbitrator and the appellees selected an arbitrator. The two so selected met and failed to agree upon the selection of a third arbitrator. Thereafter appellants petitioned the Circuit Court of Madison County for the appointment of the third arbitrator as provided by the applicable law, which appointment was made. The three arbitrators heard testimony and rendered a majority decision lowering appellants’ timberland assessments.
The Madison County . School Board, joined by the Madison County Superintendent of Public Instruction, suing in his individual capacity, brought suit in the Circuit Court of Madison County for declaratory judgment, seeking to have set aside the decision of the arbitrators. The suit named as defendants, in addition to appellants as taxpayers, the Madison County Board of County Commissioners, the Tax Assessor and Tax Collector, whose interests were allied with those of the School Board. The Department of Revenue was also made a party defendant as required by law. Mandatory injunctive relief was sought against the Tax Assessor and the Tax Collector praying that the Assessor be required to reinstate his original assessment ande that the Collector be required to collect taxes on appellants’ timberlands based upon the Assessor’s original assessments.
The Tax Assessor’s answer admitted all of the allegations of the amended complaint and, in fact, constituted a cross-claim against the taxpayers seeking essentially the same relief as the amended complaint. The allegations thereof were virtually identical to those in the amended complaint except that the Tax Assessor additionally alleged that the arbitrated values were not uniform with assessments of the same type lands in other Florida counties. However, the latter allegation was apparently abandoned because the Tax Assessor never proffered any evidence in support thereof.
At the close of plaintiffs’ case in the trial before the Circuit Court of Madison County, the trial judge reserved a ruling on the constitutionality of the tax assessment arbitration statute, but in response to appellants’ motion for directed verdict said:
“ * * * I am forced to the conclusion that the plaintiffs have not made out a case to show that the arbitration award was capricious or arbitrary and that it was not based on evidence before the arbitration board or that they did not consider proper factors in arriving at that award. I am going to grant the motion.”
Appellees insist in their briefs the above quoted statement of the trial judge did not constitute a ruling that the motion for directed verdict was being granted, citing specific portions of the record on appeal in support of their contention. We have carefully read the record on appeal and do not find that the portions cited by appellees (nor any other portions thereof) support appellees’ position. In any event, on December 19, 1972, notwithstanding the above quoted statement which is contained in the record on appeal, the Circuit Court entered a final judgment entitled “Order” which upheld the constitutionality of the Tax As *147 sessment Arbitration Statute but invalidated the arbitration award and reinstated the Tax Assessor’s original assessments.
Assessments for the calendar year 1970 which are challenged in the case sub judice are the identical assessments of the identical lands which were involved in the tax assessments for the calendar year 1971 which assessments gave rise to the suit culminating in this Court’s opinion in Container Corporation of America v. Rutherford, Fla.App. 1st 1973, rehearing denied 1974, 293 So.2d 379. The evidence reveals that in preparing the 1971 assessment of appellants’ timberlands the Tax Assessor simply utilized the very same assessments that he had made of appellants’ lands in 1970. This Court has found that the assessments for 1971 were erroneous because the Assessor did not utilize the proper method or procedure of calculating wood growth rates. The identical issue is involved sub judice and the same error was found by the arbitrators sub judice.
In Container Corporation of America v. Rutherford, supra, this Court said:
“ * * * Apparently the wood growth rates utilized by the assessor were greatly excessive and he was unable to provide any expert testimony or source material to substantiate his growth rates other than some studies made on wood growth for pines planted in ‘old fields.’
“On the other hand, the appellant produced at the hearing expert testimony and the recognized source data referred to in the Tax Assessor’s Guide to substantiate the wood growth rates used by them in arriving at the values of their timberlands.” (293 So.2d at page 380)
It is apparent therefore that this Court has already ruled on the identical assessments of the identical land.
We therefore reverse on authority of Container Corporation of America v. Rutherford, supra.
There are other points raised by appellants which we also find to have merit:
The statement of the trial judge, as hereinabove quoted, constituted the granting of appellants’ motion for directed verdict which appellants had every reason to rely upon, thereby refraining from adducing additional evidence in support of their position. The subsequent final judgment invalidating the decision of the arbitrators was obviously contrary to the trial judge’s said statement and was entered without further opportunity of appellants to be heard. Such procedure is contrary to the established law of Florida. (See Western Union Telegraph Co. v. Suit, 1943, 153 Fla. 490, 15 So.2d 33; Burton v. Walker, Fla.App.2d 1970, 231 So.2d 20; Eagle v. Carr, 1943, 153 Fla. 224, 14 So.2d 268; and Cavalier v. Ignas, Sup.Ct.Fla.1974, 290 So.2d 20)
Further, the learned trial judge erred in holding that a professor of forestry at the University of Georgia, and therefore an employee of the State of Georgia, was disqualified to serve as the court appointed arbitrator under the provisions of F.S. 194.033. This is particularly so where such arbitrator was appointed by the judge without obj ection at the appointment.
Pursuant to an agreement for continuance, the three assessment arbitrators returned a majority decision more than five days after the appointment of the third arbitrator by the court pursuant to the provisions of F.S. 194.033. Under the circumstances revealed by the record in this case we find that such arbitration decision was timely rendered.
Where, as here, there was no dispute between the taxpayers and the tax assessor as to the classification made by the tax assessor, but only a dispute as to the respective values of those classifications, the tax assessment arbitrators were in compliance with F.S. 194.033 in setting values of the several classifications rather than setting values on the property involved. Such is in keeping with the spirit and meaning of the statute. It has long been an established principle that the law *148 will not require a useless act. Certainly it would be useless for arbitrators to arbitrate a matter not in dispute.
For the foregoing reasons, the judgment appealed is reversed and this case - is remanded with directions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
JOHNSON, Acting C. J., concurs.
SPECTOR, SAM, Associate Judge (Retired), dissents.