ON APPELLEE’S MOTION TO DISMISS APPEAL AND ALTERNATIVELY APPELLEE’S MOTION TO STRIKE APPELLANT’S INITIAL BRIEF

W. SHARP, J.
We dismiss this appeal because the trial court lacked jurisdiction to dismiss appellants’ counterclaim (the order sought to be reviewed in this proceeding), and appellants’ counterclaim filed in this case was a nullity. Eagle v. Carr, 153 Fla. 224, 14 So.2d 268 (1943).
Appellants seek to appeal the trial court’s dismissal of their counterclaim filed against Robert C. Trump in his individual capacity, in a suit brought by Trump as the trustee of the Trusts, for an interim accounting, discharge, and appointment of a successor trustee. §§ 737.201; 737.306. Fla. Stat. Trump was the trustee of a trust established by Edward F. Morrill, and other trusts established by Ruth Morrill (collectively referred to as the “Trusts”). The appellants are the beneficiaries of the Trusts.
Shortly after filing the suit for accounting, Trump died. After his death, appellants filed their counterclaim, in which they asserted that Trump committed numerous breaches of his fiduciary duties owed to the beneficiaries.[1] They sought damages against Trump in his individual capacity, and named as the defendant in the counterclaim, Trump’s personal representative. They took the position that Trump’s personal representative became the successor trustee for the Trusts by operation of law.[2]
Trump’s personal representative, an Ohio resident, filed pleadings in the cause in which she asserted that the successor trustee named in the Trusts, and not herself, was the proper successor trustee of the Trusts. She pointed out that since she was an Ohio resident, she could not serve as trustee of the Trusts, and, in any event, she had the right to decline to serve. She filed a motion to dismiss the counterclaim, which the trial court granted, but the trial court did not appoint a successor trustee. Rather, the trial court held:
The Initial Petition for Accounting was brought by Robert C. Trump in his capacity as trustee, not in his personal capacity. The amended counterclaim impermissibly attempts to seek damages against the personal representative for actions arising from Mr. Trump’s personal capacity (i.e., for alleged negligence and breach of fiduciary duty), as opposed to only seeking relief against the personal representative for actions to be taken by Mr. Trump in his fiduciary capacity such as providing an accounting. Thus, the Court is required to dismiss the counterclaim.
Prior to proceeding further with the accounting suit, the trial court must appoint a successor trustee for the Trusts. See Eagle: Young v. Douglass, 97 Fla. 899, 122 So. 520 (1929); Lukens Gulf Cypress Co. v. Cochran, 65 Fla. 305, 61 So. 630 (1913); Worley v. Dade County Security Co., 52 Fla. 666, 42 So. 527 (1906); Fla. R.Civ.P. 1.260. Until that is accomplished, all subsequent proceedings are void. Eagle. The successor trustee may proceed with the accounting suit, amend it or dismiss it. Appellants, as beneficiaries of the Trusts, may file a counterclaim against the successor trustee for an accounting, or file a new suit for an accounting against the *561 successor trustee if they choose. § 737.303(4); Ball v. Mills, 376 So.2d 1174, 1178 (Fla. 1st DCA 1979).
The counterclaim filed after Trump’s death against him in his individual capacity is similarly a nullity. Eagle. We cannot tell from this record whether a Florida court could obtain jurisdiction over Trump’s estate on grounds other than those asserted in this lawsuit under § 737.306(2). That statute provides that claims for breach of fiduciary duty may be brought against a trustee in an accounting, surcharge, indemnification, or any other appropriate proceeding. At the time the counterclaim was filed, Trump was no longer a trustee due to his death, hence jurisdiction against his estate does not lie in this lawsuit on the basis of § 737.306(2).
We cannot tell from this record whether a Florida court could acquire jurisdiction over Trump’s estate through his personal representative for the purpose of bringing a breach of fiduciary duty suit, or whether such a suit must be brought in another jurisdiction. See §§ 734.201; 734.202; 48.193. The successor trustee of the Trusts (when appointed) will also have the authority and right to pursue an action on behalf of the Trusts for breach of fiduciary duty against Trump’s estate (through his personal representative) if jurisdiction is properly obtainable.
Appeal DISMISSED; REMANDED to trial court for further action consistent with this opinion.
HARRIS and PETERSON, JJ., concur.

. Section 737.306 provides that a claim for breach of fiduciary duty may be brought against the trustee in an accounting. Such claim may also be brought in any other appropriate proceeding. § 737.306.

. We note that we were unable to find any legal authority which would support such a claim.